UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE FORSYTH ANDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>REVERSE MORTGAGE SOLUTIONS, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-01411-JST<br><br>**ORDER GRANTING MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER**<br><br>Re: ECF No. 20 |

Before the Court is Defendant's Motion to Dissolve Temporary Restraining Order. ECF No. 20. The motion will be granted.[1]

On January 8, 2016, Plaintiff filed this wrongful foreclosure action in the Lake County Superior Court. ECF No. 1-1 at 12. On January 12, 2016, the Lake County Superior Court granted Plaintiff's ex parte motion for a temporary restraining order prohibiting Defendants from "proceeding with or initiating any foreclosure sale" on the underlying property. Id. at 3. The Lake County Superior Court scheduled a preliminary injunction hearing for March 25, 2016. Id.

Three days before the preliminary injunction hearing, on March 22, 2016, Defendants removed this case to federal court. ECF No. 1. The case was reassigned to the undersigned on June 14, 2016. ECF No. 18. Defendant now moves the court for an order recognizing that the state court temporary restraining order has expired. ECF No. 20 at 4.

After removal from state court, a "federal court takes the case up where the State court left it off." Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791, 795 (9th Cir. 1996) (internal quotation marks omitted). At that point, the Federal Rules of Civil Procedure apply. Fed. R. Civ. P. 81(c) (1) ("These rules apply to a civil action after it is removed from a state court."). When a

---

[1] After the briefing on this motion was complete, but before oral argument, the Plaintiff filed a motion for preliminary injunction with regard to the same foreclosure that is the subject of the present motion. ECF No. 30. The Court denies that motion by separate order.

case is removed after a state court has issued an ex parte temporary restraining order the temporary restraining order "remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by [Federal Rule of Civil Procedure] 65(b), measured from the date of removal." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 439–40 (1974). Rule 65(b)(2), in turn, provides that "[e]very temporary restraining order issued without notice . . . expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension."

Here, even assuming the temporary restraining order issued by the state court was still in effect under California law at the time of removal, it expired 14 days after Defendant removed this case to federal court because the court did not extend the temporary restraining order and Defendant did not consent to an extension. Granny Good Foods, 415 U.S. at 439–40; Fed. R. Civ. P. 65(b)(2). As it is now nearly four months since the case was removed, there is no question that the temporary restraining order is no longer in effect.

Plaintiff argues that Defendants' "long delay in moving to dissolve the January 12, 2016 temporary restraining order . . . should be deemed Defendants' implied consent to maintaining the [temporary restraining order] in effect." ECF No. 27 at 6. However, Plaintiff cites no authority supporting his "implied consent" theory. ECF No. 27 at 7–8. Both of the cases cited by Plaintiff involved affirmative consent. See Hudson v. Barr, 3 F.3d 970, 974 (6th Cir. 1993) ("The government concedes that, as part of the informal agreement, it consented to the continuation of the temporary restraining order . . . ."); Fernandez-Roque v. Smith, 671 F.2d 426, 430 (11th Cir. 1982) (district court "construed the representations of the government's attorneys, and the government's failure to move to dissolve the TRO, as consent to its extension"). Accordingly, the

/ / /
/ / /
/ / /
/ / /

1  Court rejects Plaintiff's argument, and holds that the temporary restraining order, initially issued
2  by the state court over six months ago, is no longer in effect.
3      IT IS SO ORDERED.
4  Dated: August 18, 2016

_____
JON S. TIGAR
United States District Judge

3